IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID MARRERO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:14-cv-158-WKW |
| ) | [wo] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Petitioner David Marrero's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. 1).[1] After considering the parties' submissions, the record, the applicable law, and for good cause, it is the RECOMMENDATION of the Magistrate Judge that Marrero's § 2255 motion be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

### I.   INTRODUCTION

On December 20, 2012, Marrero pled guilty under a plea agreement to one count of presenting a false claim upon the United States, in violation of 18 U.S.C. § 287. The district court sentenced Marrero on March 27, 2013, to 46 months in prison, with 24

---

[1] References to document numbers ("Doc.") are to those assigned by the Clerk of Court to pleadings docketed in this civil action. References to exhibits ("Gov. Ex.") are to exhibits submitted by the Government with its response to the § 2255 motion (Doc. 9). All page references are to those assigned by CM/ECF.

months of that term to run concurrently with a 10-year sentence he was already serving on a conviction in the Southern District of Florida. Marrero did not appeal.[2]

On March 10, 2014, Marrero filed this § 2255 motion raising the following claims:

1. His trial counsel rendered ineffective assistance by "refus[ing] to submit motions and factual evidence to the court relevant to defendant's defense, despite the overwhelming facts and evidence that the defendant was the victim of identity theft [and] . . . was not responsible for violating 18 U.S.C. 287."

2. His trial counsel rendered ineffective assistance by providing him with "inaccurate, misleading and negative information" that led him to believe he would fare better by signing a plea agreement, placed him "under extreme anguish and duress," and moved him "to make an encumbered decision in signing a plea agreement."

3. His trial counsel was ineffective for failing to ensure that a presentence investigation report was prepared in his case.

4. His trial counsel was ineffective for failing to explain to him the nature of the charge against him and the consequences of his guilty plea, specifically, "how the guilty plea aggregates with his prior conviction," rendering his guilty plea unknowing and involuntary.

5. The trial court improperly denied his request for the appointment of new trial counsel.

Doc. 1 at 4-8.[3]

## II.  DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for

---

[2] The plea agreement contained a waiver provision whereby Marrero waived his right to appeal or collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. *See* Gov. Ex. 4 at 11.

[3] The claims in the § 2255 motion are set forth in a cursory fashion and are not always clearly delineated. For organizational and analytical purposes, the court has recast some of the claims in a more appropriate presentation.

2

collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or  (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.    Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689, 104 S. Ct. at 2065.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068; *see Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).   The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the

court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal punctuation omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 842, 122 L. Ed. 2d 180 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372, 113 S. Ct. at 844.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Once the court finds that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697, 104 S. Ct. at 2069; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### *1. Refusal to Submit Motions and Evidence Marrero Was Victim of Identity Theft*

Marrero claims that his trial counsel rendered ineffective assistance by "refus[ing] to submit motions and factual evidence to the court relevant to defendant's defense, despite the overwhelming facts and evidence that the defendant was the victim of identity theft [and] . . . was not responsible for violating 18 U.S.C. 287." Doc. 1 at 4-5.

Marrero's claim here is wholly conclusory. As the Government rightly observes (*see* Doc. 9 at 5), Marrero fails to expound on his suggestion that he was a victim of identity theft and thus was not guilty of the false-claim offense to which he pled guilty. Nor does he specify the motions and factual evidence his counsel failed to present to support an identify-theft defense. Further, his after-the-fact and conclusory claim of innocence is belied by his statements made under oath during the change of plea hearing, where he admitted to submitting the false claim (a false tax return presented to the IRS) that was the basis for his conviction and admitted that he was "at Maxwell Air Force Base in a BOP camp" when he submitted the false claim. Gov. Ex. 6 at 11-13. "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Marrero fails to overcome the presumption that his admissions of guilt during the change of plea hearing were false. His cursory assertions regarding this claim cannot demonstrate deficient performance by his counsel or any prejudice resulting from

counsel's performance. *Strickland*, 466 U.S. at 689 & 694, 104 S. Ct. at 2065 & 2068. Consequently, he is not entitled to relief on this claim of ineffective assistance of counsel.

### 2. Inducing Guilty Plea by Providing Inaccurate, Negative Information

Marrero claims that his trial counsel rendered ineffective assistance by providing him with "inaccurate, misleading and negative information" that led him to believe he would fare better by signing a plea agreement, placed him "under extreme anguish and duress," and moved him "to make an encumbered decision in signing a plea agreement." Doc. 1 at 4 & 7. As with his previous claim, Marrero fails to specify the inaccurate and negative information provided to him by his counsel or to show how counsel's alleged actions placed him under duress.

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). A petitioner alleging ineffective assistance in this context must establish that counsel's performance was deficient (that is, professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. To establish prejudice, then, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial." *Id*. A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would

have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990); *Holmes v. United States*, 876 F.2d 1545 (11th Cir. 1989).

Not only are Marrero's allegations of inaccurate and negative information from his counsel unsupported by specific examples, but the record yields no support for a claim that Marrero was coerced into pleading guilty by his counsel. The transcript of the change of plea hearing reflects that the magistrate judge asked Marrero if anyone had attempted in any way to force him to plead guilty and that Marrero responded negatively. Gov. Ex. 6 at 6. Marrero also averred that he was fully satisfied with his counsel's representation. *Id.* at 4. Moreover, Marrero's vague assertion in his § 2255 motion that he had an identity-theft defense does not suggest any reasonable possibility of success had he insisted on going to trial.[4] Again, Marrero's cursory allegations are insufficient to demonstrate deficient performance by counsel or any prejudicial effect on the outcome of the plea process resulting from counsel's performance. *Strickland*, 466 U.S. at 689 & 694, 104 S. Ct. at 2065 & 2068; *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. Therefore, Marrero is not entitled to any relief based on this claim of ineffective assistance of counsel.

---

[4] Furthermore, the record reflects that Marrero benefitted substantially by pleading guilty. Under the plea agreement, the Government moved to dismiss two other false-claims counts against him and a count charging him with corrupt endeavors to impede the Internal Revenue Service pursuant to 26 U.S.C. § 7212(a). Moreover, the plea agreement contained a concession by the Government that Marrero's calculated sentencing guidelines range overstated the seriousness of his offense and that Marrero was therefore entitled to a 12-level downward departure and the ability to argue that his entire sentence should run concurrently with the sentence he was already serving. *See* Gov. Ex. 4 at 3.

### 3. Failure to Ensure Preparation of PSI

Next, Marrero claims that his trial counsel was ineffective for failing to ensure that a presentence investigation report ("PSI") was prepared in his case. Doc. 1 at 5. This claim is without a basis in fact. A PSI was prepared in Marrero's case. Indeed, at the sentencing hearing, Marrero told the district court he had reviewed the PSI with his counsel.[5] Gov. Ex. 7 at 5. Because Marrero's allegation here is wholly without merit, he is not entitled to any relief on this claim.[6]

### 4. Failure to Explain Nature of Charge and Consequences of Plea

Marrero contends, again in conclusory fashion, that his trial counsel was ineffective for failing to explain to him the nature of the charge against him and the consequences of his guilty plea, specifically, "how the guilty plea aggregates with his prior conviction," rendering his guilty plea unknowing and involuntary. Doc. 1 at 8.

Marrero does not explain what aspect of the charge against him he did not understand. During the change of plea hearing, the magistrate judge reviewed the charge in the indictment to which Marrero was pleading guilty, set forth the elements of that charge, and explained that the Government must prove those elements beyond a reasonable doubt to obtain a conviction. Gov. Ex. 6 at 9-11. Marrero testified under oath that he had reviewed the indictment with his counsel and that he understood what he was charged with. *Id*. at 4. Following his counsel's presentation of the factual basis of the

---

[5] In an affidavit filed with the court, Marrero's trial counsel Donnie W. Bethel avers that he reviewed both the draft version and the final PSI with Marrero. Doc. 7 at 2.

[6] Moreover, Marrero does not identify any errors in the PSI or allege any other purported prejudice related to the preparation of the PSI.

charge, Marrero admitted the facts provided therein, acknowledging that his conduct would satisfy the elements of the crime to which he was pleading guilty. *Id*. at 11-13. Marrero's present conclusory assertion that he did not understand the nature of charge against him, and that his counsel failed to explain the nature of such charge, is contradicted by his own testimony at the plea hearing. As noted above, "[t]here is a strong presumption that the statements made during the [guilty plea] colloquy are true." *Medlock*, 12 F.3d at 187. Marrero fails to overcome this presumption and fails to show any deficient performance by counsel that would have rendered his guilty plea unknowing and involuntary.

Turning to Marrero's allegation that his counsel failed to explain to him "how the guilty plea aggregates with his prior conviction," the transcript of the change of plea hearing establishes that Marrero fully understood the interplay between his already-imposed sentence and his guilty plea. During the change of plea colloquy, the magistrate judge explained that Marrero's plea agreement would allow the Government to ask for a sentence consecutive to Marrero's current term of imprisonment, although Marrero could ask that his sentences be ordered to run concurrently. Gov. Ex. 6 at 7. Marrero answered that he understood this provision of the plea agreement. *Id*. The magistrate judge then asked Marrero to explain this provision in his own words, and Marrero answered: "That means that after I finish my first sentence, I start the other one. And if it's concurrent, my—both counts will be running together, Your Honor." *Id*. Thus, the record reflects Marrero understood how any sentence in his present case might run in relation to the sentence he was already serving and also understood the ramifications of a sentence

9

being ordered to run concurrently or consecutively.[7] Marrero does not establish deficient performance by counsel, and in any event he cannot demonstrate prejudice where the record demonstrates that he entered his guilty plea with a full understanding of the sentence that might be imposed.

Marrero's allegations are insufficient to demonstrate that his guilty plea was unknowing and involuntary. Consequently, he fails to establish that his trial counsel was ineffective in this regard. He is not entitled to any relief on this claim.

## C. Denial of Request for New Counsel

Marrero contends that the trial court improperly denied his request that he be appointed new trial counsel. Doc. 1 at 4. Marrero suggests there was a "constant conflict of interest" between him and his trial counsel—the attorneys with the Federal Defender's Office—because he was dissatisfied with their representation and disagreed with their advice that he should plead guilty rather than proceed to trial. *Id*. The Government maintains this claim is barred from review by the waiver provision in Marrero's plea agreement. Doc. 9 at 6. The court agrees.

The plea agreement contained a waiver provision with the following pertinent language:

> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and

---

[7] In his affidavit filed with the court, trial counsel Bethel avers that he explained to Marrero that the court could run the sentence it imposed consecutively, concurrently or partially concurrently with the sentence he was already serving and that he would argue for a concurrent sentence (which he did). Doc. 7 at 2.

> waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct.

Gov. Ex. 4 at 11. Under this waiver provision, Marrero relinquished his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Nothing in the record indicates that the waiver in Marrero's case was anything but knowing and voluntary. At the change of plea hearing, the magistrate judge ascertained from Marrero that he had read and discussed the plea agreement with his counsel before signing it, and that he understood the terms of the plea agreement. Gov. Ex. 6 at 5. The general terms of the waiver provision were stated in open court, with Marrero representing to the court that he understood them. *Id*. at 8-9. Further, the written plea agreement contained Marrero's signature under language acknowledging that he had read

and understood the plea agreement and that the matters and facts set forth in the written agreement accurately reflected all representations made to him and all the terms reached. Gov. Ex. 4 at 17. Under these circumstances, the court finds that Marrero understood the full significance of the waiver provision in his plea agreement and that his assent to the waiver was knowing and voluntary. Consequently, the court agrees with the Government that Marrero's claim that the trial court improperly denied his request for new trial counsel is barred from review by the waiver provision in the plea agreement.

Moreover, even if this claim is not barred by the waiver provision, it is procedurally defaulted due to Marrero's failure to raise it on direct appeal. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). A petitioner can avoid this procedural bar only by showing one of the two exceptions to the procedural default rule:

> Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for the procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent.

*Lynn v. United States*, 365 F.3d 1225, 1234-35 (11th Cir. 2004) (emphasis in original; citations and quotations omitted); *see Bousley v. United States*, 523 U.S. 614, 621-22, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Marrero, however, does not attempt to

demonstrate cause for his failure to raise his claim on direct appeal.[8] Nor does he present evidence that he is actually innocent of the offense of which he was convicted.[9] Therefore, his claim is barred from collateral review by procedural default.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Marrero's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. 1) be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **December 22, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

---

[8] To establish cause, a petitioner must prove that "some objective factor external to the defense prevented the petitioner or his counsel from raising the claim previously." *Murray v. Carrier*, 477 U.S. 478, 488-92, 106 S. Ct. 2639, 2645-48, 91 L. Ed. 2d 397 (1986).

[9] The "actual innocence" exception is exceedingly narrow in scope. *Lynn*, 365 F.3d at 1235 n. 18. "'[A]ctual innocence' means factual innocence, not mere legal innocence." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611-12.

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 8th day of December, 2015.

                                              /s/ Gray M. Borden
                                   UNITED STATES MAGISTRATE JUDGE